FILED
2017 Oct-24  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

2017 OCT 24  P 3: 34

U.S. ... COURT
N.D. ... ALABAMA

| | | |
|---|---|---|
| COMETRIUS GOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| THE HERTZ CORPORATION, | ) | **2:17-cv-01795-TMP** |
| | ) | |
| Defendant. | | |

---

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from race discrimination and retaliation instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), and 42 U.S.C. §1981 ("§1981"). The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Cormetrius Golson ("Plaintiff") timely filed his charge of discrimination against defendant The Hertz Corporation ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this complaint within 90 days after receipt of his right-to-sue letter.

## II. **PARTIES**

3.  Plaintiff is a United States citizen over the age of nineteen and a resident of Birmingham, Alabama.

4.  Defendant is a corporation headquartered in Florida and an employer as that term is contemplated under Title VII.

## III. **FACTS**

5.  Plaintiff is African-American.

6.  In or about October of 2013, Plaintiff became employed by Defendant at its location in the Birmingham, Alabama airport.

7.  Plaintiff's last position was Vehicle Service Attendant.

8.  Plaintiff's supervisor was Mike Sullentrap, VSA Manager.

9.  Sullentrap is Caucasian.

10.  On August 26, 2016, Plaintiff called Ken Wiley, Vice-President of Defendant's Southeastern Zone.

11.  Wiley is based in Florida and is Caucasian.

12.  Plaintiff told Wiley that he thought Sullentrap was mistreating him and harassing him because of his race.

13.  Wiley told Plaintiff that he had to go and that either he, Human Resources, or Sullentrap would be back in touch with Plaintiff about this.

2

14. On Monday, August 29, 2016, Wiley came to Plaintiff's location.

15. Wiley had Plaintiff meet with him and Todd True, another manager at our site.

16. True is Caucasian.

17. Wiley told Plaintiff that he was suspended for cursing at a manager on the night of August 25, 2016 for being denied a request to leave work early.

18. This was false and Plaintiff told them this.

19. Plaintiff told them that he had witnesses and information in his phone to back that up.

20. They did not attempt to look at the information Plaintiff had and, to Plaintiff's knowledge, did not talk to the witnesses he was speaking of.

21. Plaintiff remained suspended until September 15, 2016.

22. True called Plaintiff that day and told him that he was terminated for not working a shift.

23. This was also false.

## IV. CAUSES OF ACTION

## COUNT I

## TERMINATION - TITLE VII

24. Paragraphs 1-23 above are incorporated by reference.

3

25. Defendant violated Plaintiff's rights under Title VII by terminating his employment because of (a) his race and/or (b) he had complained of what he reasonably believed to be unlawful racial discrimination in employment.

26. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating him and placing him in the position he would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under Title VII;

4

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT VI

## TERMINATION - 42 U.S.C. §1981

27.  Paragraphs 1-23 above are incorporated by reference.

28.  Defendant violated Plaintiff's rights under §1981 by terminating his employment because of (a) his race and/or (b) he had complained of what he reasonably believed to be unlawful racial discrimination in employment.

29.  As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i)  That the Court enter an Order declaring that Defendant's acts as described herein violated 42 U.S.C. §1981;

5

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by rehiring him and placing him in the position he would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under §1981;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

6

Respectfully submitted,

Cormetrius Golson, Plaintiff
9816 Virginianna Dr.
Birmingham, AL 35215
Phone: (205) 836-3090
Email: cormetriusgolson@gmail.com

Plaintiff requests trial by struck jury.

Cormetrius Golson, Plaintiff

Defendant's Address:
The Hertz Corporation
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

7